**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1831

REGINA GOSNELL,

                    Plaintiff - Appellant,

          v.

MICHAEL J. ASTRUE, Commissioner of Social Security
Administration,

                    Defendant - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Richard Mark Gergel, District
Judge.  (4:09-cv-03142-RMG)

Submitted: February 22, 2012      Decided: February 28, 2012

Before WILKINSON, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul T. McChesney, Spartanburg, South Carolina, for Appellant.
William N. Nettles, United States Attorney, Marshall Prince,
Assistant United States Attorney, Columbia, South Carolina;
Debra J Meachum, Special Assistant United States Attorney,
Denver, Colorado; John Jay Lee, Regional Chief Counsel, SOCIAL
SECURITY ADMINISTRATION, Denver, Colorado, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Regina Gosnell appeals that district court's order denying her motion for the award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C.A. § 2412(d) (West 2006 & Supp. 2011). Gosnell moved for fees after she prevailed on one of her three claims challenging an administrative law judge's denial of her application for Social Security disability benefits. On appeal, Gosnell claims that the district court failed to sufficiently explain its determination that the Commissioner's defense of her claims was substantially justified and requests remand to the district court with directions to further explain its denial of fees. We affirm.

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party" in certain varieties of civil litigation "unless the court finds that the position of the United States" in such litigation "was substantially justified or that special circumstances make an award unjust." 28 U.S.C.A. § 2412(d)(1)(A). Whether a position was adequately justified turns on whether "a reasonable person" could find it to have "a reasonable basis in law and fact." Cody v. Caterisano, 631 F.3d 136, 141 (4th Cir. 2011) (internal quotation marks omitted).

When denying a motion for EAJA fees, a district court should explain the reasoning supporting its finding of substantial justification. Id. at 144-45. Where the court wholly fails to do so, remand for further explanation is appropriate. Id. Although a district court is not required to "perform a certain kind of analysis, recite certain magic words, or follow a particular formula," the record must be sufficient to allow the appellate court to determine whether the district court abused its discretion. Id. at 141-45.

Here, the record, containing the parties' briefs, the district court's orders and opinions, and the district court's determination, based on the proper "substantial justification" standard, that the Commissioner's position was justified and well-briefed, is adequate to allow review of the district court's denial of EAJA fees. Furthermore, the record indicates that the district court appropriately considered the merits of the Commissioner's defense of each of Gosnell's claims and applied the appropriate legal standard when denying her motion for fees. See Cody, 631 F.3d at 144-45.

Because we are able to adequately discern the rationale supporting the district court's denial of EAJA fees, we deny Gosnell's request to remand the case, and affirm the

3

judgment below.[*]   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Gosnell does not argue in her opening brief that the district court's denial of fees constitutes an abuse of discretion.  Therefore, this claim is not before us.  See United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004) (noting claims not raised in opening brief are abandoned).